IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT WILSON STEWART, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv363 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Robert Wilson Stewart, Jr., an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent has filed a motion to dismiss, or in the alternative, motion for summary judgment (doc. no. 4). As the respondent has presented information outside the pleadings, the filing will be considered as a motion for summary judgment. See FED.R.CIV.P. 12(d). Petitioner has filed a response. The motion is therefore ripe for consideration.

## The Petition

Petitioner asserts the BOP has improperly rejected his request to be released to home confinement. He contends the BOP denied him due process of law by relying on false information in making its decision. Petitioner asks the court to direct the BOP to reconsider him for placement on home confinement.

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."[1]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party. " *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law. " *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts are instructed to employ the device cautiously.  *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts are further instructed to be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable [finder of fact] could [find in favor of] that party.  *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010.  These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact."  As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

Analysis

Pursuant to 18 U.S.C. § 3624, the BOP has the authority to release a prisoner to home confinement for the shorter of 10% of the term of imprisonment or six months. The Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136, authorized the BOP to lengthen the amount of time an inmate can spend on home confinement. As petitioner acknowledges, this provision does not grant this court the power to order a petitioner to be released to home confinement. *Cheek v. Warden of Federal Medical Center*, 835 F. App'x 737, 740 (5th Cir. 2020). It is the BOP and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors. *Id*.

Petitioner filed administrative appeals concerning his request to be released to home confinement. The Warden stated petitioner was denied release to home confinement "based on [his] primary offense of violence." The Warden cited petitioner's convictions for solicitation to commit an act of violence and retaliating against a federal official. In considering petitioner's appeal, the Regional Director stated petitioner did not meet the criteria for home confinement because of his history of violence.

The record does not indicate that the BOP relied on false information in the course of determining petitioner should not be released to home confinement. Petitioner is incarcerated as a result of convictions in the United States District Court for the District of Arizona for threatening to murder a federal official and for soliciting another person to commit the murder. *United States v. Stewart*, 420 F.3d 1007, 1010 (9th Cir. 2005). Pursuant to Program Statement 5162.05, the BOP has determined that both of these offenses are crimes of violence.[2] As a result, the BOP's

---

[2] This determination is supported by the evidence presented at petitioner's trial regarding his conviction for soliciting another person to commit murder. The United States Court of Appeals for the Ninth Circuit stated the government presented evidence that: (1) petitioner specifically discussed with another person arranging the murder of the judge who sentenced him for a prior conviction; (2) the discussions happened over the course of several meetings; (3) petitioner offered weapons and money for the murder; (4) petitioner provided the other person with a description of the judge so she could be found; and (5) petitioner suggested he wanted the murder committed by having the judge's throat cut. 420 F.3d at 1021.

conclusions that petitioner has been convicted of an offense of violence and has a history of violence are not based on false information.

Petitioner has provided the court with a copy of a Male Pattern Risk Scoring form, which was completed by the BOP on May 7, 2021. The form appears to indicate that petitioner was not convicted of a violent offense and does not have a history of violence. Petitioner contends that based on the form, he should be released on home confinement.

It is not clear why the BOP, in completing the Male Pattern Scoring Risk form, indicated petitioner was not convicted of a violent offense and does not have a history of violence. Regardless, petitioner does not dispute that he has been convicted of the offenses described above. As a result, the determination that petitioner should not be released to home confinement was not based on false information.

## Conclusion

For the reasons set forth above, there is no genuine dispute of material fact as to whether the BOP relied on false information in determining petitioner should not be released to home confinement and the respondent is entitled to judgment as a matter of law. The motion for summary judgment should therefore be granted.

## Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 6th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge